IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

RENE CARRASQUILLO,

                              Petitioner,

   v.                                                    Civil Action No.
                                                         9:09-CV-516 (DNH/DEP)

DEBORAH SCHULT,

                              Respondent.

_____

APPEARANCES:

FOR PETITIONER:

RENE CARRASQUILLO, *Pro Se*
15450-014
FCI - Ray Brook
Box 9009
Ray Brook, New York 12977

FOR RESPONDENT:

HON. ANDREW T. BAXTER              CHARLES E. ROBERTS, ESQ.
UNITED STATES ATTORNEY            Assistant U.S. Attorney
Post Office Box 7198
100 South Clinton Street
Syracuse, New York, 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Petitioner Rene Carrasquillo, a federal prison inmate currently

incarcerated in the Federal Correctional Institution at Ray Brook, New

York ("FCI Ray Brook"), has commenced this proceeding seeking federal

habeas relief.  In his petition, Carrasquillo challenges the imposition of a

sentence by another district court, arguing that its validity has been called

into doubt by intervening case law from the Second Circuit Court of

Appeals.  Carrasquillo filed his petition pursuant to 28 U.S.C. § 2241, a

general habeas provision dating back to the eighteenth century that is

well-recognized as an appropriate vehicle for challenging sentence

execution, but generally regarded as an improper mechanism for

challenging the imposition of a sentence.   Named as the respondent in

Carrasquillo's petition, the warden at FCI Ray Brook opposes the relief

requested therein on the ground that the court lacks jurisdiction to

entertain a petition filed pursuant to section 2241 under the circumstances

now presented.

　　　Because the petition in this matter challenges the propriety of

Carrasquillo's sentence rather than its execution, and he cannot meet the

stringent requirements for demonstrating entitlement to relief under the

very narrow exception allowing a prisoner to file a section 2241 petition

upon a showing that the remedy under 28 U.S.C. § 2255 would be

inadequate or ineffective to test the legality of his sentence, I recommend that the petition be dismissed for lack of jurisdiction.

I.    BACKGROUND

Petitioner's confinement at FCI Ray Brook results from a judgment of conviction entered in the United States District Court for the District of Connecticut on May 6, 2005.  Dkt. No. 1.  According to Carrasquillo, and based upon publicly available court records, that conviction followed his plea of guilty to conspiracy to distribute in excess of 500 grams of a mixture or substance containing detectable quantities of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  As a result of the plea as well as his prior felony drug conviction, Carrasquillo was sentenced to the prescribed mandatory minimum sentence of 120 months on the drug charge and an additional 60 months on the firearm count, representing the minimum sentence specified in section 924(c), to be served consecutively.

Petitioner asserts that he filed a timely notice of appeal of his conviction, but that his appeal was dismissed by the Second Circuit Court

of Appeals.[1]  Carrasquillo acknowledges, and court records confirm, that

prior to commencing this proceeding he did not file any applications for

collateral review, and specifically has not moved to vacate his conviction

or for an order modifying his sentence under 28 U.S.C. § 2255.

## II.    PROCEDURAL HISTORY

Petitioner commenced this proceeding on May 1, 2009,

characterizing it as one for habeas corpus relief pursuant to 28 U.S.C. §

2241, claiming the right to avail himself of the "savings clause" embodied

in 28 U.S.C. § 2255 and asserting that section 2255 is inadequate or

ineffective to address the claims raised in his petition.  Petitioner's

Memorandum of Law ("Petitioner's Memorandum") (Dkt. No. 1) at 4, 6-9.

Petitioner maintains that in light of the Second Circuit's recent decision in

*United States v. Williams*, 558 F.3d 166 (2d. Cir. 2009), he is "'actually

innocent" of possessing a firearm in furtherance of a drug trafficking crime

---

[1]      The record presently before the court does not include any court
documents relating to Carrasquillo's criminal prosecution.  According to publically
available records, judgment in the criminal proceeding was entered on May 12, 2005 in
the United States District Court for Connecticut, and a notice of appeal was thereafter
filed by the petitioner on July 11, 2005.  *United States v. Carrasquillo*,  04-cr-0049
(JBA) (D. Conn.), Dkt. Nos. 484, 502.  A review of records of the Second Circuit
relative to petitioner's appeal reveals that by order dated December 15, 2005 his
appeal was dismissed for failure to comply with the terms of that court's scheduling
order.  *See United States v. Carrasquillo*, 05-3833-cr (2d Cir.), Dec. 19, 2005 docket
entry.

in violation of 18 U.S.C. § 924(c).  Petition (Dkt. No. 1) at 3, Ground One;
*see also* Petitioner's Memorandum (Dkt. No. 1) at 1-2, 9-11.  Petitioner's
principal argument appears to be that under *Williams* a consecutive
sentence of 60 months for a conviction pursuant to 18 U.S.C. § 924(c)
may not lawfully be imposed when the defendant is already subject to a
longer minimum sentence for a related drug trafficking crime arising from
the same set of operative facts, and that his 60 month consecutive
sentence on the firearms count should therefore be vacated.  *See*
Petitioner's Memorandum (Dkt. No.1) at 1-5.

FCI Ray Brook Warden Schult has filed a response to Carrasquillo's
petition on July 7, 2009.  Dkt. No. 3.  In it, respondent argues that the
petition constitutes a collateral challenge to Carrasquillo's conviction,
which should have been brought before the original sentencing court in
the District of Connecticut pursuant to 28 U.S.C. § 2255(a).  As a result,
respondent contends, the petition must be dismissed for lack of subject
matter jurisdiction.[2]  Dkt. No. 3.  With petitioner's filing of a reply, or

---

[2]     Even absent such a request by the respondent, the court would be
authorized to order *sua sponte* dismissal of the section 2241 petition in the event of a
finding of lack of jurisdiction.  *See Hampton v. Craig*, No. 9:06-CV-0021, 2006 WL
1064170 (N.D.N.Y. Apr. 20, 2006) (Kahn, J.); *Meuse v. Craig*, No. 9:06-CV-0490, 2006
WL 1742558 (N.D.N.Y. June 22, 2006) (Kahn, J.).

"traverse", Dkt. No. 4, determination of the issue of subject matter

jurisdiction is now ripe, and the matter has been referred to me for a

report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and

Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P.

72(b).

III.    DISCUSSION

    A.    Interplay Between Sections 2241 and 2255

    The jurisdictional issue raised by the respondent brings into sharp

focus the distinction between petitions brought under section 2241 and

applications made pursuant to section 2255.  Section 2241 has evolved

over time from the Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 81-82,

empowering courts to issue writs of habeas corpus in cases involving

prisoners held "'in custody, under or by colour of the authority of the

United States.'"  *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir.

1997) (quoting *McCleskey v. Zant*, 499 U.S. 467, 477-78, 111 S. Ct. 1454,

1461 (1991)).  Under the contemporary version of section 2241, "federal

courts continue to retain jurisdiction to entertain habeas corpus petitions

from federal prisoners 'in custody in violation of the Constitution or laws or

treaties of the United States.'" *Triestman*, 124 F.3d at 373 (quoting 28

U.S.C. § 2241(c)(3)).  A petition under that section, brought against the warden of the prison in which the petitioner is confined and filed in the court having jurisdiction over that named respondent, is a proper mechanism for challenging the execution of a sentence.  *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *Meuse*, 2007 WL 1742558, at *1 (citing *Adams*, 372 F.3d at 134; 17B Wright, Miller & Cooper, Federal Practice and Procedure § 4268.1 (2d ed. 2007).[3]

In 1948, Congress enacted section 2255 to afford prisoners a means of more efficiently challenging the reason for their detention – that is, the underlying conviction and resulting sentence.  *Id.*  Given this historical perspective, the Second Circuit has recognized that

> § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

*Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (quoting 28 U.S.C. § 2255) (emphasis in original); *see also Adams*, 372 F.3d at 134.

When viewed against this backdrop, it becomes clear that

---

[3]     Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

Carrasquillo's petition, although purporting to be filed under section 2241, is more appropriately construed as a challenge to the legality of his sentence and consequently should have been filed as a motion brought under section 2255 before the sentencing court.[4]  It therefore appears that absent a basis to overlook this distinction and excuse petitioner's improper resort to section 2241, this court lacks jurisdiction to entertain his petition.

>    B.    The Section 2255 Savings Clause

In defense of his resort to use of section 2241, petitioner attempts to avail himself of the "savings clause" found in 28 U.S.C. § 2255(e).  That section provides, in relevant part, that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  The last phrase in section 2255(e), generally referred to as the "savings clause," permits the filing of a section 2241 petition to challenge a conviction only in rare circumstances.  *Cephas v.*

---

[4]        The fact that Carrasquillo's petition has invoked section 2241 does not require the court to so construe it.  Rather, "'it is the substance of the petition, rather than its form, that' governs."  *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)).

*Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman*, 124 F.3d 378.

The Second Circuit discussed the savings clause at length in its decision in *Triestman*, expressly cautioning that its remedy is narrow and exists only "to preserve the habeas corpus for federal prisoners in those extraordinary instances where justice demands it." 124 F.3d at 378 (citations omitted). To obtain relief under the savings clause, a petitioner must make an initial showing that relief is procedurally unavailable under section 2255. *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003), *cert. denied*, 519 U.S. 985, 117 S.Ct. 442 (2004). Substantively, to demonstrate that section 2255 is "inadequate or ineffective," a petitioner also must establish that the failure to allow collateral review would raise serious constitutional questions because the prisoner 1) can prove actual innocence on the existing record, and 2) could not have effectively raised his or her claim of innocence at an earlier time. *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363); *see also Poindexter*, 333 F.3d at 378. Unless the petitioner can make this showing, his petition must be construed as a section 2255 motion, or be dismissed. *Cephas*, 328 F.3d at 104. As the following demonstrates, petitioner has failed to meet any of these requirements.

### 1.   Procedural Availability

As an initial matter, Carrasquillo has not shown that a section 2255 motion is "procedurally unavailable."  Since petitioner acknowledges that he has never filed a section 2255 motion with the sentencing court, he is not precluded by the gatekeeping provision of 28 U.S.C. § 2255(h), which prohibits the filing of multiple motions under that section absent Court of Appeals approval, from filing such an application.

Petitioner argues that while he is not precluded under section 2255(h) from filing a motion to vacate in the court of conviction, a remedy under section 2255 is nonetheless effectively unavailable to him since any petition now filed would undeniably be beyond the governing, one-year limitation period.  A remedy under section 2255 is not inadequate or ineffective, however, simply because the prisoner has permitted the statute of limitations to expire, provided that the claim the inmate seeks to raise was previously available on direct appeal or in a prior section 2255 petition.  *Gordon v. Craig*, No. 9:05-CV-0730, 2005 WL 1719763, at *1 n.1 (N.D.N.Y. 2005) (Sharpe, J.) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)); *Guerra v. United States*, No. 9:, 07-CV-346, 2007 WL 1176027, at *1 (N.D.N.Y. April 19, 2007 (Scullin, J.) (citations

10

omitted).  Because his assertion that section 2255 relief is unavailable is
based solely upon the allegation that any request for such relief would be
untimely, petitioner has failed to establish that section 2255 relief is no
longer procedurally available.  *Lewis v. Schult*, 9:09-CV-0516, Decision
and Order (Dkt. No. 11) p. 7.

### 2.   Actual Innocence

In addition to being unable to satisfy the procedurally unavailable
prong of the savings clause test, petitioner cannot establish actual
innocence, which is also required to satisfy the stringent requirements for
savings clause eligibility.  In his petition, Carrasquillo relies heavily upon
*United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), a decision that
suggests that if petitioner's sentence were imposed today, the trial court
would not have been bound to impose the mandatory minimum five-year
term specified in 18 U.S.C. § 924(c) as a consecutive sentence to the
period imposed on the drug count.[5]

---

[5]     Petitioner maintains that the rule announced in *Williams* should be
applied retroactively.  *See* Plaintiff's Memorandum (Dkt. No. 1) at 9-11.  It does not
appear, to date, that the courts have accepted the petitioner's retroactivity argument.
*See, e.g. Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003), *cert. denied*, 540 U.S. 1206,
124 S.Ct. 1478 (2004), ("with two minor exceptions [not applicable here] – only
decisions that establish new substantive rules are to be applied to cases on collateral
review") (citing *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989)); *see also United
States v. Mandanici*, 205 F.3d 519, 525 (2d Cir.), *cert. denied*, 531 U.S. 879, 121 S.Ct.
190 (2000) (quoting *Sawyer v. Smith*, 497 U.S. 227, 241-42, 110 S.Ct. 2822 (1990)).

The Court of Appeals opinion in *Williams* followed and expanded its earlier decision in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), *reh'g denied*, 540 F.3d 87, (2d Cir. 2008).  In *Whitley,* the Second Circuit held that a consecutive sentence for discharging a firearm under 18 U.S.C. § 924 (c)(1)(A)(iii) should not have been imposed in that case because the defendant was already subject to a higher, fifteen-year minimum sentence as an armed career criminal.[6]  In *Williams*, the court extended *Whitley*, holding that the mandatory minimum sentence under section 924(c)(1)(A) is also inapplicable where the defendant is subject to a lengthier mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense.[7]  *Williams*, 558 F.3d at 168.

---

[6]  Unlike petitioner's claim in this instance, Whitley's argument was interposed on and decided within the context of a direct appeal to the Second Circuit. Whitely challenged the imposition of a consecutive ten-year minimum sentence for discharging a firearm during a Hobbs Act robbery committed in violation of 18 U.S.C. § 1951 both because the "except" clause of subsection 924(c)(1)(A) exempted him from the minimum sentence and because he lacked the *mens rea* that, he asserted, was required to support a valid firearms conviction.  *Whitley*, 529 F.3d at 151.  In holding the consecutive minimum ten-year sentence inapplicable because he was subject to a higher fifteen-year minimum as an armed career criminal, the court did not reach Whitley's second contention. *See id.*

[7]  When remanding the matter for sentencing, the *Whitley* court expressly noted that "the sentencing judge retains authority to select any appropriate sentence, consistent with 18 U.S.C. § 3553(a), whether or not pursuant to the Guidelines, above that minimum."  529 F.3d at 158.  In other words, upon remand the judge in *Whitley* could have imposed precisely the same consecutive sentence as was previously

Petitioner argues that because he was subjected to a higher minimum sentence of 120 months on the drug count, based upon the quantity of drugs involved and his prior felony drug conviction, his sentence under section 924(c)(1) should not have been consecutive.  As a result of *Williams*, petitioner further contends, he is actually innocent of some facts that were utilized to enhance his sentence.  In other words, Carrasquillo appears to argue that because of the limitation on the ability of district courts in the Second Circuit to impose a consecutive sentence for a firearms charge under the circumstances upon which he was convicted, he is somehow actually innocent of one or more of the underlying charges for which he pleaded guilty.[8]

This same argument was previously raised but rejected by the court in a strikingly similar case arising in this district.  *See Lewis v. Schulte*, 9:08-1207 (LEK), Decision and Order (Dkt. No. 11) (N.D.N.Y. May 13, 2009).  In *Lewis*, the petitioner commenced a proceeding seeking habeas corpus relief pursuant to section 2241, also purporting to

_____

given.

[8]    It should be noted that petitioner's combined sentence of 180 months, or fifteen years, does not exceed that maximum prescribed under 21 U.S.C. § 841(b)(1)(B), which authorizes imposition of a sentence of up to life imprisonment under petitioner's circumstances.

invoke the savings clause of section 2255(e), and challenging the consecutive sentences imposed based upon the Court of Appeals decision in *Whitley*, much like Carrasquillo does in this proceeding. *Id.* Judge Kahn rejected Lewis' actual innocence argument, emphasizing that *Whitley* "did not involve a statutory interpretation that renders Petitioner's conduct no longer criminal under the federal statute." *Id.* at p. 9. Despite the fact that the petitioner in *Lewis* premised his argument upon the "actual innocence language set forth in *Cephas* and *Triestman*," Judge Kahn recognized his petition as one directed to the effect of the sentence imposed and not to the underlying conviction, and found that "the section 2255 savings clause [did] not apply . . . and [the] Court lack[ed] jurisdiction to entertain [Lewis'] section 2241 petition." *Id.* at 10 (citing *Wongus v. Craig*, No. 9:06-CV-0618, 2006 WL 2862219, at *2 (N.D.N.Y. Oct. 5, 2006) and *Commodore v. Willingham*, No. 05-CV-841, 2005 WL 3465855, at *3 (D. Conn. Dec. 8, 2005)).

For the reasons articulated by Judge Kahn in *Lewis*, Carrasquillo's actual innocence argument here is likewise rejected and his petition subject to dismissal for lack of jurisdiction. *Williams*, like *Whitley*, did not involve a statutory interpretation that renders Carrasquillo's weapons

possession in furtherance of a drug trafficking crime no longer criminal under the federal statute.  As Judge Kahn observed, those cases merely recognize a limitation upon the requirement of imposing a consecutive minimum sentence under section 924(c) for a defendant already subject to higher minimum penalties.   Moreover, as in *Lewis*, petitioner's challenge is one directed to the effect of the sentence imposed, and not to his conviction.  For these reasons, petitioner's claim of actual innocence does not trigger the savings clause.[9]

### 3.   Whether Petitioner Could Have Raised His Claims Earlier

Even assuming that petitioner could establish a credible claim of actual innocence, he has not made the required, additional showing that he could not have made that claim earlier.  Like the petitioner in *Lewis*, Carrasquillo asserts that because *Williams* was only recently decided, he could not have previously made his argument that the consecutive sentences were illegally imposed.  As Judge Kahn recognized in *Lewis*, "[a] lack of case law to support a claim, however, does not render a claim unavailable."  *Lewis*, 9:08-CV-1207, Decision and Order (Dkt. No. 11) p.

---

[9]     It should be noted that petitioner has not otherwise shown actual innocence of either of the charges to which he pleaded guilty.

15

8 (internal quotations omitted) (citing cases).  Moreover, as Judge Kahn also observed, the Second Circuit's decision in *Whitley* "was the result of a criminal defendant in petitioner's position raising the issue decided by the Second Circuit on appeal."  *Id.* (citations omitted).  For these reasons, petitioner cannot demonstrate that his current argument was unavailable to him.  *Id.* at 9 (citing *Middleton v. Schult*, 299 Fed. Appx. 94, 96, 2008 WL 4832457, at *2 (2d Cir. Nov. 10, 2008) and *Love*, 333 F.3d at 73).

In view of the foregoing, I conclude that section 2255's savings clause does not apply to this case.  The denial of petitioner's request to proceed under that provision does not raise a "serious constitutional concern," since he cannot show actual innocence and that he had no prior opportunity to make his claim.  *Hampton*, 2006 WL 1064170, at * 3 (citing *Love*, 333 F.3d at 73).  The court therefore lacks jurisdiction to entertain Carrasquillo's section 2241 petition.

C.    <u>Appropriate Course of Action</u>

Having determined that the court lacks jurisdiction to entertain Carrasquillo's petition, the question becomes what action should be taken, and specifically whether the petition should be characterized as a

motion under section 2255 and transferred to the sentencing court, or instead dismissed.  On this issue, the Second Circuit has provided welcomed guidance to district courts.  *See Adams,* 372 F.3d at 136; *see also Jiminian*, 245 F.3d at 148 and *Cephas*, 328 F.3d at 104.

Had Carrasquillo previously filed a section 2255 petition with the sentencing court, faced with a section 2241 petition raising claims which were previously available and properly the subject of a section 2255 motion, this court would be justified in treating the petition as a second or successive section 2255 motion and referring it to the appropriate Court of Appeals for certification under 28 U.S.C. § 2255(h) or, alternatively, dismissing it.  *Adams*, 372 F.3d at 136; *see also Jiminian*, 245 F.3d at 148-49.  Under the circumstances now presented, however, the court should not *sua sponte*  recharacterize the motion as one seeking relief under section 2255, without securing informed consent from the petitioner, since to do so could have implications on his ability at a later juncture to file a section 2255 motion in the forum of conviction.  *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786 (2003); *see also Adams* v. *United States*, 155 F.3d 582, 584 (2d Cir. 1998).  Accordingly, the court finds that the appropriate measure in this instance is to dismiss

17

Carrasquillo's petition without reframing it as one filed under section 2255.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Carrasquillo's petition, although filed under section 2241, directly challenges the length of the sentence imposed by the District Court of Connecticut, rather than its execution here in the Northern District of New York.  Consequently, the proceeding should have been brought pursuant to 28 U.S.C. § 2255 as motion to the court in which he was sentenced.  Petitioner's attempt to avail himself of a narrow exception to this rule by invoking the savings clause contained within section 2255(e) is ineffective to salvage his petition since he has failed to establish that a properly filed section 2255 motion would be inadequate or ineffective to test the legality of his sentence.  For these reasons, the petition was not properly brought under section 2241 and should be dismissed.  It is therefore respectfully

RECOMMENDED, that the petition (Dkt. No. 1) in this matter be DISMISSED for lack of jurisdiction; and it is further

RECOMMENDED, based upon my finding that Carrasquillo has not made a "substantial showing of the denial of a constitutional right"

pursuant to 28 U.S.C. § 2253(c)(2), that a certificate of appealability not

issue with respect to any of the claims set forth in his petition; and it is

further

ORDERED that the Clerk of the Court serve a copy of this report

and recommendation upon the respondent's counsel electronically, and

upon the *pro se* plaintiff by regular mail, in accordance with the local

rules of this court.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court within TEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a),

6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

David E. Peebles
U.S. Magistrate Judge

Dated:       November 3, 2009
             Syracuse, New York



Not Reported in F.Supp.2d, 2006 WL 1064170 (N.D.N.Y.)
(Cite as: 2006 WL 1064170 (N.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Randy HAMPTON, Petitioner,
v.
T.R. CRAIG, Respondent.
No. 9:06-CV-0021 (GLS)(DEP).

April 20, 2006.

Randy Hampton, Petitioner, pro se.

**DECISION and ORDER**

GARY L. SHARPE, District Judge.

**I. Background**

**\*1** Presently before the Court is a petition for habeas corpus brought by Petitioner Randy Hampton pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Petitioner has paid the filing fee required for this action. Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New York, brings this action to challenge a sentence imposed by the United States District Court for the Southern District of New York. Petitioner was convicted on April 1, 1996 and sentenced to a term of 360 months imprisonment. Dkt. No. 1, Petition at 2. Petitioner does not indicate whether he appealed from his conviction and sentence. According to Petitioner, he filed a motion,

pursuant to 28 U.S.C. § 2255 in the sentencing court, which that court denied on January 22, 2003. Dkt. No. 1, Memorandum of Law at 3.

In support of his Petition, Petitioner relies upon *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000); FN1 *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004); FN2 and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005). FN3 Petitioner asserts that his sentence enhancements violate his Sixth Amendment right to a jury trial, and that he is therefore entitled to resentencing. Dkt. No. 1, Memorandum of Law at 4. FN4

> FN1. In *Apprendi,* the Supreme Court stated in part that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362-63.

> FN2. *Blakely* held that the Sixth Amendment bars sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Blakely,* 542 U.S. at 303-04, 124 S.Ct. at 2537.

> FN3. In *Booker,* the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984(SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." *Booker,* 543 U.S. at 227, 125 S.Ct. at 746.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1064170 (N.D.N.Y.)
(Cite as: 2006 WL 1064170 (N.D.N.Y.))

FN4. Petitioner does not claim that he is actually innocent of the crimes of which he was convicted. Dkt. No. 1, Memorandum of Law at 2.

## II. Discussion

## A. Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States,* 372 F.3d 132, 134 (2d Cir.2004); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion. In pertinent part, this statute provides that

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence. *See Adams,* 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001) (citation omitted). A federal prisoner, however, generally may not seek relief from his conviction or sentence pursuant to a § 2241 petition.

## B. Section 2255's savings clause

**\*2** There is an exception to the bar against a federal prisoner using a § 2241 petition to attack a federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Triestman v. United States,* 124 F.3d 361 (2d Cir.1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman,* 124 F.3d at 378 (citations omitted). FN5 In other words, this interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman,* 124 F.3d at 377. Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1064170 (N.D.N.Y.)
(Cite as: 2006 WL 1064170 (N.D.N.Y.))

prove based upon the existing record and which he could not have asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash,* 333 F.3d 372, 378 (2d Cir.2003) (quotation omitted); *Cephas v. Nash,* 328 F.3d 98, 104 (2d Cir.2003) (quotation and footnote omitted).[FN6]

> FN5. However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations. *See, e.g., Love v. Menifee,* 333 F.3d 69, 73-74 (2d Cir.2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian,* 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir.2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations ... to expire."); *Triestman,* 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States,* 481 F.2d 339, 344 (2d Cir.1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

> FN6. In *Cephus,* the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few....' " *Cephus,* 328 F.3d at 104 (quoting *Triestman,* 124 F.3d at 378). The *Cephus* court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.' " *Id.* (quoting *Triestman,* 124 F.3d at 363) (footnote omitted).

**C. Petitioner's claims**

Petitioner alleges that his sentence is being executed in violation of the 5th and 6th Amendments to the United States Constitution because the sentence was based upon an indictment that "failed to plead a specific drug quantity with sufficient specificity." Dkt. No. 1, Petition at 3. Petitioner claims that his sentence was unconstitutionally "enhanced based upon un-charged conduct." *Id.* Finally, Petitioner alleges that his "sentence was imposed in excess of the statutory maximum of the offenses as determined by the jury." *Id.* at 4. These assertions clearly challenge the imposition of his sentence and not its execution. Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

Petitioner acknowledges that he previously filed a § 2255 motion in the United States District Court for the Southern District of New York, which that court denied. *See* Dkt. No. 1, Petition at 2. Thus, pursuant to § 2255, he may not file a second or successive motion unless he first receives the Second Circuit's permission to do so. *See* 28 U.S.C. § 2255. Petitioner does not claim that he sought the necessary certification from that court.[FN7]

> FN7. The Court notes that, even if the Second

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1064170 (N.D.N.Y.)
(Cite as: 2006 WL 1064170 (N.D.N.Y.))

Circuit were to certify a second or successive §
2255 motion, this Court would lack jurisdiction
to entertain that motion because a petitioner must
file such a motion in the sentencing court. *See* 28
U.S.C. § 2255.

The Court notes that Petitioner's chances of receiving such
permission from the Second Circuit on these issues is
unlikely. The Second Circuit has ruled that *Apprendi* does
not apply retroactively to cases, like this one, on collateral
review. *See* Coleman v. U.S., 329 F.3d 77, 82 (2d
Cir.2003) *(Apprendi is a new criminal procedural rule that
does not apply retroactively to initial 2255 motions for
habeas relief);* Forbes v. U.S., 262 F.3d 143 (2d Cir.2001)
*(Apprendi is a new rule of constitutional law which has not
been made retroactive by the Supreme Court to second or
successive* § 2255 *motions for relief).* The Second
Circuit has reached the same conclusion with respect to *Blakely.*
*See* Green v. United States, 397 F.3d 101 (2d
Cir.2005).[FN8] Additionally, the Second Circuit has also
held that *Booker* does not apply retroactively to cases that
have reached final resolution. *See* Green v. United States,
397 F.3d 101, 103 (2d Cir.2005); *see also* Mincone v.
United States, 353 F.Supp.2d 316, 318 (N.D.N.Y.2005)
(Munson, S.J); United States v. Reyes, No.
90-CR-584-01CSH, 2005 WL 427578 *1 (S.D.N.Y. Feb.
23, 2005).[FN9]

FN8. *See also In Re:* Will C. Dean, 375 F.3d
1287, 1290 (11th Cir.2004) *(Blakely* not
retroactive to cases on collateral review); Cuevas
v. C.J. DeRosa, 386 F.3d 367 (1st Cir.2004)
(same); Leonard v. United States, 383 F.3d
1146, 1148 (10th Cir.2004) (same).

FN9. Likewise, courts in other circuits that have
addressed the issue have concluded that *Booker*
does not apply retroactively to cases on collateral

review. *See, e.g* Varela v. United States, 400
F.3d 864, 866-67 (11th Cir.2005); Humphress v.
United States, 398 F.3d 855, 863 (6th Cir.2005);
McReynolds v. United States, 397 F.3d 479, 481
(7th Cir.2005); *United States v. Comarovschi,*
No. CRIM.A.3:03 CR 00127, 2005 WL 605784
*2 (W.D.Va. Mar. 15, 2005).

**\*3** Rather than applying to the Circuit for permission to
file a second or successive § 2255 motion, Petitioner seeks
to invoke § 2255's savings clause as the jurisdictional
basis for his current § 2241 petition. In this case, however,
nothing in Petitioner's application establishes that
Petitioner's § 2255's remedy would be inadequate or
ineffective in addressing the legality of his detention.
Moreover, although it appears that § 2255's remedy may
be unavailable to Petitioner, that alone does not establish
that this remedy is inadequate or ineffective. Furthermore,
this Court concludes that its denial of Petitioner's request
to proceed under § 2255's savings clause does not raise a
"serious constitutional question." Love, 333 F.3d at
73.[FN10] Therefore, the Court finds that § 2255's savings
clause does not apply to this case, and this Court lacks
jurisdiction to entertain Petitioner's § 2241 petition.[FN11]

FN10. The Court finds support for this
conclusion in the Second Circuit's decision in
*Love,* in which it concluded that foreclosing an
*Apprendi* challenge under § 2255's savings
clause did not raise a serious constitutional
question. Quoting the Eighth Circuit, the *Love*
court stated that

[w]e believe th[e] argument [that prisoners
should be able to file under section 2241
because *Apprendi* claims are not reviewable
under section 2255] is flawed because it
attributes blame to the wrong source.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1064170 (N.D.N.Y.)
(Cite as: 2006 WL 1064170 (N.D.N.Y.))

[Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.

   *Love,* 333 F.3d at 74 (quoting *United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1062 (8th Cir.), *cert. denied,* 537 U.S. 869, 123 S.Ct. 275, 154 L.Ed.2d 117 (2002)) (footnote omitted).

Likewise, in this case, because *Booker* and Blakely have not been made retroactive to cases on collateral review, it is not § 2255's gatekeeping provision that is responsible for Petitioner's inability to raise his *Booker* or *Blakely* claims; rather, it is the unavailability of the *Booker* or *Blakely* claims themselves.

FN11. Alternatively, even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition. *See* 28 U.S.C. § 2255.

Finally, the Court notes that in *Tyler v. Cain,* 533 U.S. 656 (2001), the Supreme Court considered the question of whether new rules of constitutional law apply retroactively to second or successive petitions and concluded that "a new rule is not 'retroactive to cases on collateral review' **unless the Supreme Court holds it to be retroactive."** *Id.* at 663 (emphasis added) (footnote omitted). Thus, until the Supreme Court holds that *Apprendi* and/or *Blakely* and/or *Booker* apply retroactively to cases on collateral review, Petitioner cannot raise challenges based thereon as a basis for a second or successive § 2255 motion or a §

2241 petition. Accordingly, the Court dismisses Petitioner's petition without prejudice.[FN12]

   FN12. The Court notes that, if the Supreme Court subsequently holds that either *Apprendi, Blakely,* or *Booker* applies retroactively to cases on collateral review, Petitioner may move for the appropriate relief at that time.

**WHEREFORE,** it is hereby

**ORDERED,** that Petitioner's petition is **DISMISSED WITHOUT PREJUDICE;** and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order on Petitioner.

N.D.N.Y.,2006.
Hampton v. Craig
Not Reported in F.Supp.2d, 2006 WL 1064170 (N.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 2006 WL 1742558 (N.D.N.Y.)
(Cite as: 2006 WL 1742558 (N.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Thomas MEUSE, Petitioner,
v.
Todd R. CRAIG, Respondent.
**No. 9:06-CV-0490(LEK)(GJD).**

June 22, 2006.

Thomas Meuse, Petitioner, pro se.

**DECISION and ORDER**

LAWRENCE E. KAHN, District Judge.

**\*1** Presently before the Court for consideration is a petition from *pro se* petitioner Thomas Meuse ("Petitioner") seeking habeas corpus relief from his sentence. Dkt. No. 1.

Petitioner states that he was convicted in the United States District Court for the District of Massachusetts of one count of conspiracy to commit armed bank robbery, three counts of attempted armed bank robbery, two counts of use of a firearm during and in relation to a crime of violence, and one count of conspiracy to interfere with interstate commerce. Dkt. No. 1 at 7. On April 20, 1998, Petitioner was sentenced to a term of 627 months imprisonment. *Id.* Petitioner now seeks relief from his

sentence. In support of his Petition, Petitioner relies upon a line of recent Court decisions implicating Sixth Amendment rights, including *Apprendi v.. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000); [FN1] *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004); [FN2] and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005).[FN3] Petitioner asserts that his sentence enhancement violates his Sixth Amendment right to a jury trial, and that he is therefore entitled to resentencing.

> FN1. In *Apprendi,* the Supreme Court stated in part that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362-63.

> FN2. *Blakely* held that the Sixth Amendment bars sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 542 U.S. at 303-04, 124 S.Ct. at 2537.

> FN3. In *Booker,* the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984(SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." *Booker,* 543 U.S. at 227, 125 S.Ct. at 746.

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence may file a motion in the sentencing

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1742558 (N.D.N.Y.)
(Cite as: 2006 WL 1742558 (N.D.N.Y.))

court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. A § 2255 motion is subject to a one year limitations period. In addition, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion. The statute provides, in pertinent part, that:

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper means to challenge the execution of a sentence. *Adams v. United States,* 372 F.3d 132, 134 (2d Cir.2004); 28 U.S.C. § 2241. For example, a § 2241 petition may be used to challenge computation of a sentence by federal officials, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001). A federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

Petitioner challenged his conviction and sentence by motion pursuant to § 2255, which was denied by the

sentencing court on April 16, 2003. Dkt. No. 1 at 8. The First Circuit denied Petitioner a certificate of appealability, and the United States Supreme Court denied Petitioner *certiorari* review. *Id.* Petitioner seeks to invoke the so-called "savings clause" of § 2255, which permits a federal prisoner to seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States,* 124 F.3d 361 (2d Cir.1997).

**\*2** The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman.* The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman,* 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman,* 124 F.3d at 377. [FN4]

FN4. In *Cephas v. Nash,* 328 F.3d 98, 104 (2d Cir.2003), the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.' " The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim [s] of innocence at an earlier time.' " *Id.* (quoting *Triestman,* 124 F.3d at 363) (footnote omitted).

While a § 2241 petition might be available in certain extraordinary circumstances to grant habeas corpus relief from a conviction and sentence, it is not available to Petitioner in this case. Both the First and Second Circuits

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1742558 (N.D.N.Y.)
(Cite as: 2006 WL 1742558 (N.D.N.Y.))

have ruled that *Apprendi* does not apply retroactively to cases, like this one, on collateral review. *See Sepulveda v. United States,* 330 F.3d 55, 63 (1st Circuit 2003) (*Apprendi* is a new criminal procedural rule that does not apply retroactively to initial 2255 motions for habeas relief); *Coleman v. United States,* 329 F.3d 77, 82 (2d Cir.2003) (same); *Forbes v. United States,* 262 F.3d 143, 145 (2d Cir.2001) (*Apprendi* is a new rule of constitutional law which has not been made retroactive by the Supreme Court to second or successive § 2255 motions for relief). Both Circuits have reached the same conclusion with respect to *Blakely. See Cuevas v. DeRosa,* 386 F.3d 367, 368 (1st Cir.2004) (*Blakely* not retroactive to cases on collateral review); *Green v. United States,* 397 F.3d 101, 103 (2d Cir.2005) (same). Likewise, both Circuits have held that *Booker* does not apply retroactively to cases that have reached final resolution. *See United States v. Fraser,* 407 F.3d 9, 11 (1st Cir.2005); *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir.2005); *Guzman v. United States,* 404 F.3d 139, 144 (2d Cir.2005); *Green v. United States,* 397 F.3d 101, 103 (2d Cir.2005). Thus, Petitioner is not caught in a gap between remedies that may be filled by the use of a common law writ; rather, he is absolutely barred from presenting his claim because the Supreme Court's holding in *Apprendi, Blakely,* and *Booker* do not apply to his conviction and sentence.

WHEREFORE, it is hereby

ORDERED, that the petition for writ of habeas corpus filed by Petitioner (Dkt. No. 1) is **DENIED** and **DISMISSED,** and it is further

ORDERED, that Petitioner's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED as moot,** and it is further

ORDERED, that the Clerk serve a copy of this Order on Petitioner.

N.D.N.Y.,2006.
Meuse v. Craig
Not Reported in F.Supp.2d, 2006 WL 1742558 (N.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 2005 WL 1719763 (N.D.N.Y.)
(Cite as: 2005 WL 1719763 (N.D.N.Y.))

**C**   Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Juken Washington GORDON, Petitioner,
v.
T.S. CRAIG, Warden, Respondent.
**No. 9:05-CV-0730.**

July 22, 2005.

Juken Washington Gordon, 05373-088, FCI Ray Brook,
Ray Brook, New York, Petitioner pro se.

ORDER

SHARPE, J.

I. BACKGROUND

**\*1** Currently before the Court is a petition for habeas
corpus relief pursuant to 28 U.S.C. § 2241 submitted by
petitioner Juken Washington Gordon. Gordon has paid the
required filing fee.

Gordon, who is confined at the Federal Correctional
Institution at Ray Brook, New York, brings this action to
challenge the sentence that the United States District Court
for the Southern District of West Virginia imposed upon

him. That court sentenced Gordon on July 10, 1997 to a
term of 151 months imprisonment. *See* Dkt. No. 1 at 2.
Gordon does not indicate (1) whether he took an appeal
from the July 10, 1997 judgment of conviction, or whether
he filed a motion with the sentencing court pursuant to 28
U.S.C. § 2255. *See* Dkt. No. 1.

As a basis for his current petition, Gordon asserts that
during his criminal proceeding, he was denied effective
assistance of counsel and he was denied the right "to
consult with his consulate or a representative of his native
country Jamacia [*sic* ] as required by the vienna
international convention treaty act, article 36." Dkt. No. 3
at 4.

II. DISCUSSION

A. Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court
who wishes to attack the validity of his conviction or
sentence collaterally may file a motion in the sentencing
court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255;
*Adams v. United States,* 372 F.3d 132, 134 (2d Cir.2004);
*Chambers v. United States,* 106 F.3d 472, 474 (2d
Cir.1997). By contrast, a petition pursuant to 28 U.S.C. §
2241 is the proper vehicle to challenge the execution of a
sentence. *See Adams,* 372 F.3d at 135; 28 U.S.C. § 2241.
For example, a petitioner may use a § 2241 petition to
challenge a federal official's computation of a sentence,
parole decisions, or prison disciplinary actions. *See
Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001)
(citation omitted). A federal prisoner, however, generally
may not seek relief from his conviction or sentence
pursuant to a § 2241 petition.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 1719763 (N.D.N.Y.)
(Cite as: 2005 WL 1719763 (N.D.N.Y.))

B. Section 2255's savings clause

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack a federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see Triestman v. United States, 124 F.3d 361 (2d Cir.1997).

The Second Circuit discussed this "savings clause" provision at length in Triestman and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." Triestman, 124 F.3d at 378 (citations omitted). [FN1] In other words, this interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." Triestman, 124 F.3d at 379. Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can prove based upon the existing record, § 2255's savings clause allows for habeas review. See Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir.2003) (quotation omitted); Cephas v. Nash, 328 F.3d 98, 104 (2d Cir.2003) (quotation and footnote omitted).[FN2]

> FN1. However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations. See, e.g., Love v. Menifee, 333 F.3d 69, 73-74 (2d Cir.2003) (§ 2255's remedy is not

unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); Jiminian, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir.2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations ... to expire."); Triestman, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); Williams v. United States, 481 F.2d 339, 344 (2d Cir.1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

> FN2. In Cephus, the Second Circuit reaffirmed its prediction in Triestman that "the types of cases raising such serious constitutional questions would be 'relatively few....'" Cephus, 328 F.3d at 104 (quoting Triestman, 124 F.3d at 378). The Cephus court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.' " Id. (quoting Triestman, 124 F.3d at 363) (footnote omitted).

C. Gordon's claims

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp.2d, 2005 WL 1719763 (N.D.N.Y.)
(Cite as: 2005 WL 1719763 (N.D.N.Y.))

**\*2** As noted, in support of his petition, Gordon argues that, during his criminal proceeding, he was denied effective assistance of counsel and denied his right to meet with a Jamaican consular representative. These assertions clearly challenge the imposition of his sentence and not its execution. Thus, Gordon's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

Gordon claims that he "seeks to cure a manifest injustice inflicted upon Gordon" and "has claimed his innocence ... throughout the legal proceeding up until sentence." Dkt. No. 3 at 3-4. While not entirely clear, Gordon seems to claim that not allowing him to bring his claim under § 2241 would raise serious constitutional concerns. *Id.* at 2.

In this case, however, nothing in Gordon's application establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention. While it unclear whether Gordon raised the present claims in a § 2255 motion, it appears he could have raised them. He cannot not now resort to § 2241 merely to save his claims, which are now most likely time-barred. Furthermore, this Court concludes that its denial of Gordon's request to proceed under § 2255's savings clause does not raise a "serious constitutional question." *See, e.g.* *United States v. Lurie,* 207 F.3d at 1077 (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations ... to expire."); *see also supra,* n. 1 and n. 2.

Here, Gordon has not shown that his remedy under Section 2255 is inadequate or ineffective. Additionally, while Gordon claims that he is actually innocent, he does not support this statement with any evidence. Therefore, the Court finds that § 2255's savings clause does not apply to this case, and this Court lacks jurisdiction to entertain

Gordon's § 2241 petition.

Accordingly, the Court dismisses Gordon's petition.

WHEREFORE, it is hereby

ORDERED, that Gordon's petition is DISMISSED; and it is further

ORDERS that the Clerk of the Court serve a copy of this Order on Gordon.

IT IS SO ORDERED.

N.D.N.Y.,2005.
Gordon v. Craig
Not Reported in F.Supp.2d, 2005 WL 1719763 (N.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 2007 WL 1176027 (N.D.N.Y.)
(Cite as: 2007 WL 1176027 (N.D.N.Y.))

**C**   Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Allister Damian GUERRA, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 9:07-CV-346 (FJS/GHL).

April 19, 2007.

Allister Damian Guerra, Ray Brook, NY, Petitioner pro se.

**MEMORANDUM-DECISION AND ORDER**

SCULLIN, Senior Judge.

**I. BACKGROUND**

**\*1** Currently before the Court are Petitioner Allister Guerra's petition for habeas corpus, pursuant to 28 U.S.C. § 2241, and his application to proceed *in forma pauperis.* *See* Dkt. Nos. 1, 3.

Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New York, brings this action to challenge the sixteen-year sentence of imprisonment that the United States District Court for the District of Maryland imposed on him on June 4, 2003, after he pled guilty to bank robbery and using, carrying, possessing and brandishing a firearm during a crime of violence. *See* Dkt. No. 1 at 6. Petitioner asserts that the sentencing court did not comply with the plea agreement that he had executed.

Prior to filing the current petition, Petitioner filed a motion, pursuant to 28 U.S.C. § 2255, which the sentencing court denied. Petitioner does not state in his petition whether he took an appeal from that decision.

In his current petition, Petitioner claims that he is entitled to have his sentence vacated and to be re-sentenced within the range of the original plea agreement or to be permitted to retract his plea and proceed to trial. *See* Dkt. No. 1.

**II. DISCUSSION**

**A. Section 2255 and Section 2241**

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States,* 372 F.3d 132, 134 (2d Cir.2004) (citation omitted); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997) (citations omitted). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion.[FN1] *See Adams,* 372 F.3d at 135.

FN1. Section 2255 provides, in pertinent part, that

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1176027 (N.D.N.Y.)
(Cite as: 2007 WL 1176027 (N.D.N.Y.))

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 "is the proper means to challenge the execution of a sentence." *Id.* at 135; *see also* 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge the computation of his sentence, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001) (citation omitted). However, a federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

**B. Section 2255's Savings Clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack his federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States,* 124 F.3d 361, 373-74 (2d Cir.1997) (quotation omitted).

The Second Circuit discussed § 2255's savings clause at length in *Triestman* and cautioned that that remedy that clause provides is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman,* 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Id.* at 377. Courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations. *See, e.g., Love v. Menifee,* 333 F.3d 69, 73-74 (2d Cir.2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian,* 245 F.3d at 147-48 (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion (citations omitted)); *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir.2000) (§ 2255's remedy is not inadequate and ineffective simply because the petitioner allowed the one-year statute of limitations to expire (citation omitted)); *Triestman,* 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness).

**C. Petitioner's claims**

**\*2** Petitioner argues that the sentencing court failed to sentence him in accordance with his plea agreement. Such

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp.2d, 2007 WL 1176027 (N.D.N.Y.)
(Cite as: 2007 WL 1176027 (N.D.N.Y.))

an assertion clearly challenges the imposition of his sentence, not its execution. Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

As noted above, Petitioner previously filed a § 2255 motion in the United States District Court for the District of Maryland, which that court denied. Pursuant to § 2255, he may not file a second or successive § 2255 petition unless he first receives permission from the United States Court of Appeals for the Fourth Circuit to do so. *See* 28 U.S.C. § 2255. Petitioner does not claim that he sought the necessary certification from the Fourth Circuit, nor does he offer any explanation for his failure to do so.[FN2]

> FN2. The Court notes that, even if the Court of Appeals for the Fourth Circuit were to certify a second or successive § 2255 petition, this Court would lack jurisdiction to entertain that petition because a petitioner must file such a petition in the sentencing court. *See* 28 U.S.C. § 2255.

In light of the apparent unavailability of a second or successive § 2255 petition to the sentencing court, Petitioner seeks to invoke § 2255's savings clause as the jurisdictional basis for his current § 2241 petition. In this case, however, nothing in Petitioner's petition establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention. Although it appears that the § 2255 remedy might be unavailable to Petitioner, that fact alone does not establish that the remedy is inadequate or ineffective. Furthermore, the Court concludes that its denial of Petitioner's request to proceed under § 2255's savings clause does not raise a " 'serious constitutional question.' " *Love,* 333 F.3d at 73 (quotation omitted). Therefore, the Court finds that § 2255's savings clause does not apply to this case; and,

therefore, this Court lacks jurisdiction to entertain Petitioner's § 2241 petitioner.

### III. CONCLUSION

Accordingly, after carefully reviewing the file in this matter and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's petition in this action is **DISMISSED WITHOUT PREJUDICE;** and the Court further

**ORDERS** that Petitioner's application to proceed *in forma pauperis* is **DENIED AS MOOT;** and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Petitioner.

**IT IS SO ORDERED.**

N.D.N.Y.,2007.
Guerra v. U.S.
Not Reported in F.Supp.2d, 2007 WL 1176027 (N.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 2006 WL 2862219 (N.D.N.Y.)
(Cite as: 2006 WL 2862219 (N.D.N.Y.))

**C**   Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Kevin WONGUS, Petitioner
v.
T.R. CRAIG, Respondent.
**No. 9:06-CV-0618 (GLS)(GHL).**

Oct. 5, 2006.

KEVIN WONGUS, Ray Brook, NY, pro se.

**DECISION and ORDER**

GARY L. SHARPE, U.S. District Judge.

**I. Background**

**\*1** The Clerk has sent to the Court a petition for writ of habeas corpus and an application to proceed *in forma pauperis,* brought by Kevin Wongus ("petitioner" or "Wongus") pursuant to 28 U.S.C. § 2241. Petitioner is presently confined at the Federal Correctional Institution in Ray Brook, New York and has not paid the statutory fee required to maintain the instant action.

In this habeas petition, Wongus states that he was sentenced in the United States District Court for the Eastern District of Pennsylvania to 15 years imprisonment

due to his conviction for possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1). Petitioner states he appealed from the conviction and sentence and his appeal was denied by the Third Circuit. Petitioner also states that he was denied certiorari by the United State Supreme Court.

Wongus challenged his federal conviction pursuant to 28 U.S.C. § 2255 ("Section 2255"). The United States District Court for the Eastern District of Pennsylvania denied his motion which was based upon claims of ineffective assistance of counsel and newly discovered evidence.<sup>FN1</sup>

> FN1. Petitioner filed a prior Petition pursuant to 28 U.S.C. § 2241, challenging the same conviction and sentence, in this District that was denied. 9:05-CV0618.

By the present application, petitioner seeks an order vacating his sentence. The ground for the petition is that the jury did not determine whether he had a prior conviction, and thus the sentencing court could not enhance his sentence based upon any such conviction. Petitioner does not allege, nor offer any evidence, that he had not been previously convicted of the charge that the sentencing court relied upon.

**II. Discussion**

**A. Challenges to federal sentence under Section 2255.**

A motion to the sentencing court pursuant to Section 2255 is generally the appropriate vehicle for challenging a

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2862219 (N.D.N.Y.)
(Cite as: 2006 WL 2862219 (N.D.N.Y.))

sentence imposed by a federal court. 28 U.S.C. § 2255; *United States v. Hayman,* 342 U.S. 205, 217 (1952). As stated above, Wongus previously filed a Section 2255 petition, which was denied by the United States District Court for the Eastern District of Pennsylvania. Since petitioner does not indicate that he has been authorized to file a second Section 2255 application by the Court of Appeals for the Circuit, as is required under Section 2255, petitioner is not entitled to relief under this section.

**B. Section 2255's Savings Clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to collaterally attack a federal conviction. Pursuant to the "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States,* 124 F.3d 361 (2d Cir.1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman.* The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman,* 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman,* 124 F.3d at 377. [FN2] Therefore, where a petitioner claims that the § 2255 remedy is not available, and also asserts a claim of actual innocence that can be proved upon the existing record and could not have been asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash,* 333 F.3d 372, 378 (2d Cir.2003); *see also Cephas v. Nash,* 328 F.3d 98, 104

(2d Cir.2003).[FN3]

**FN2.** Courts which have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations. *See, e.g., Love v. Menifee,* 333 F.3d 69, 73-74 (2d Cir.2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian v. Nash,* 245 F.3d 144, 147-148 (2d Cir.2001)(§ 2255 remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir.2000) (§ 2255's remedy is not inadequate and ineffective simply because the petitioner allowed the one year statute of limitations to expire); *Triestman,* 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness); *Williams v. United States,* 481 F.2d 339, 344 (2d Cir.1973) (the § 2255 remedy is not inadequate or ineffective for purposes of the savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

**FN3.** In *Cephas,* the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.' " *Cephas,* 328 F.3d at 104 (citing *Triestman,* 124 F.3d at 378). The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.' " *Id.* (quoting *Triestman,* 124

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2862219 (N.D.N.Y.)
(Cite as: 2006 WL 2862219 (N.D.N.Y.))

F.3d at 363) (footnote omitted).

**\*2** In a sentencing context, "to qualify for the 'actual innocence' exception, a petitioner must prove that 'but for the constitutional error, [petitioner] would not have been legally eligible for the sentence received." *Borrego v. Untied States,* 975 F.Supp. 520, 525 (S.D.N.Y.1997) citing *Sawyer v. Whitley,* 505 U.S. 333, 348 (1992). In other words, petitioner must allege and prove that a constitutional violation resulted in his sentence, demonstrate by clear and convincing evidence that he is innocent of the facts used to impose his sentence,[FN4] and, prove that the sentence imposed exceeds the maximum permitted by statute. *Id.* However, petitioner has set forth nothing to demonstrate that he is actually innocent of the acts which he claims were used to enhance his sentence.[FN5] Thus, the Court finds that the § 2255 savings clause does not apply here and this Court lacks jurisdiction to entertain the § 2241 petition.

> **FN4.** In this case, petitioner would have to prove that the prior conviction that the sentencing court relied upon had been overturned or vacated. Petitioner has made no such allegation in the instant petition.

> **FN5.** Petitioner appears to base his constitutional violation on alleged violations of the holdings in *Shepard, Blakely,* and *Booker.* However, Petitioner has not addressed the fact that in the Second Circuit, a number of Courts have already held that the *Booker* decision does not apply retroactively to cases that have reached final resolution. *Mincome v. United States,* 2005 WL 195383 (N.D.N.Y.2005) (Munson, S.J). *See also Green v. United States,* 2005 WL 237204 (2d Cir.2005); *Guzman v. United States,* 404 F.3d 139 (2d Cir.2005); *United States v. Reyes,* 2005

WL 427578 (S.D.N.Y.2005). The Second Circuit Court of Appeals has reached the same conclusion with respect to the retroactivity of the holding in *Blakely. See Carmona v. United States,* 390 F.3d 200 (2d Cir.2004). And, a number of Courts have held that Shepard does not apply retroactively. *See Olivas-Gutierrez v. United States,* 2005 WL 1241871, \*4 (W.D.TX.2005); *Langley v. United States,* 2005 WL 1114710, \*2 (M.D.N.C.2005); *Morales v. United States,* 2005 WL 807051, \*7 (D.Minn.2005).

As noted above, petitioner previously filed a § 2255 Motion in the United States District Court for the Eastern District of Pennsylvania, which was denied. Pursuant to § 2255, he may not file a second or successive motion unless he first receives permission from the United States Court of Appeals for the Third Circuit to do so. *See* 28 U.S.C. § 2255. Petitioner does not claim to have sought the necessary certification from the Third Circuit, nor does he offer any explanation for his failure to seek such permission. Moreover, even if the Third Circuit Court of Appeals was to certify a second or successive Motion, this Court would lack jurisdiction to entertain that Motion because a petitioner must file it in the sentencing court. *See* 28 U.S.C. § 2255.

Accordingly, because this Court lacks jurisdiction in this matter the Court hereby dismisses petitioner's petition without prejudice.

Finally, with respect to petitioner's application to proceed *in forma pauperis,* the application is incomplete and must be denied.

WHEREFORE, it is hereby

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Not Reported in F.Supp.2d, 2006 WL 2862219 (N.D.N.Y.)
(Cite as: 2006 WL 2862219 (N.D.N.Y.))

ORDERED, that the petition in this action is dismissed
without prejudice, and it is further

ORDERED, that petitioner's request to proceed with this
action *in forma pauperis* is denied as incomplete, and it is
further

ORDERED, that the Clerk serve a copy of this Order on
petitioner by regular mail.

IT IS SO ORDERED.

N.D.N.Y.,2006.
Wongus v. Craig
Not Reported in F.Supp.2d, 2006 WL 2862219
(N.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 2005 WL 3465855 (D.Conn.)
(Cite as: 2005 WL 3465855 (D.Conn.))

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Rachelle COMMODORE, Petitioner,
v.
Warden W.S. WILLINGHAM, Respondent.
**No. 3:05CV841(CFD).**

Dec. 8, 2005.

Rachelle Commodore, Danbury, CT, pro se.

Lauren M. Nash, U.S. Attorney's Office, New Haven, CT, for Respondent.

*RULING ON PETITION FOR WRIT OF HABEAS CORPUS*

DRONEY, J.

**\*1** The petitioner, Rachelle Commodore ("Commodore"), is currently confined at the Federal Correctional Institution in Danbury, Connecticut. She brings this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The court concludes that it lacks jurisdiction under § 2241 to entertain Commodore's claims.

*Procedural Background*

Commodore was convicted in 2000 of bank robbery and related offenses in the United States District Court for the Southern District of New York and sentenced to a term of imprisonment of 121 months. She did not file a direct appeal of her conviction. However, her motion filed pursuant to 28 U.S.C. § 2255 was denied by an order dated September 19, 2002. *See* Pet'r's Mem. Ex. F. Commodore did not appeal the denial of her § 2255 motion. *See* Pet. at ¶ 16(a)(7).

By petition certified as mailed on May 23, 2005, Commodore commenced this action pursuant to 28 U.S.C. § 2241. She challenges her conviction in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Specifically, she challenges the sentencing court's findings concerning sentencing guideline calculations.

*Discussion*

As an initial matter, the court must determine whether it has jurisdiction to entertain Commodore's claim in a petition filed pursuant to 28 U.S.C. § 2241.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. *See Triestman v. United States,* 124 F.3d 361, 373 (2d Cir.1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). In 1948, however, Congress enacted 28 U.S.C. § 2255. This statute "channels collateral attacks by federal prisoners to the sentencing

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 3465855 (D.Conn.)
(Cite as: 2005 WL 3465855 (D.Conn.))

court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." *Id.*

Currently, "[a] motion pursuant to [section] 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001) (citing *Chambers v. United States,* 106 F.3d 472, 474-75 (2d Cir.1997) (describing situations where a federal prisoner would properly file a § 2241 petition)). A § 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." *Id.* at 146-47. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to § 2255 rather than a petition filed pursuant to § 2241. *See Triestman,* 124 F.3d at 373.

In her § 2241 petition, Commodore challenges her conviction and sentence, claims properly raised in a § 2255 motion, and, hence, with the sentencing court in the Southern District of New York. Section 2255 contains a "savings clause" which "permits the filing of a [section] 2241 petition when [section] 2255 provides *an inadequate or ineffective remedy* to test the legality of a federal prisoner's detention." *Jiminian,* 245 F.3d at 147 (emphasis added); *see also, e.g., Tucker v. Nash,* No. 00-CV6570(FB), 2001 WL 761198, at *1 (E.D.N.Y. June 29, 2001) (referring this section as the " 'savings clause' of § 2255").

*2 The exception permitting an inmate to file a § 2241 petition is not available, i.e., a motion pursuant to § 2255 is not "inadequate or ineffective", simply because a

prisoner is procedurally barred from filing a § 2255 motion. The failure to allow collateral review also must raise serious constitutional questions.

The Second Circuit has afforded relief under the exception when a § 2255 motion was not available and the petitioner was claiming "actual innocence" of the crime of which he was convicted. *See Triestman,* 124 F.3d at 380. Other circuits also have construed narrowly the applicability of the exception. The Fifth Circuit has held

that the savings clause of [section] 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first [section] 2255 motion.

*Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001). *See also Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999) ("[section] 2255 remedy is not considered inadequate or ineffective simply because [section] 2255 relief has already been denied ... or because the petitioner is procedurally barred from pursuing relief under [section] 2255 ...") (citations omitted); *Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir.1999) (agreeing with other courts that section 2241 cannot be used "to free a prisoner of the effects of his failure to raise an available claim earlier") (citations omitted); *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) ("the remedy afforded by [section] 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a [section] 2255 motion").

Against this backdrop, the court now considers

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 3465855 (D.Conn.)
(Cite as: 2005 WL 3465855 (D.Conn.))

Commodore's grounds for relief to determine whether § 2255 is "inadequate or ineffective" to address her claims, and hence, whether the District of Connecticut has jurisdiction to entertain her § 2241 petition. Commodore argues that she cannot seek relief pursuant to § 2255 because she already has filed a § 2255 motion. In addition, she states that her petition is based on the recent Supreme Court decision, *United States v. Booker.*

As mentioned, the fact that § 2255 relief previously was denied does not render relief pursuant to § 2255 inadequate or ineffective by itself. Section 2255 also provides that a second or successive motion may be filed only under certain narrow circumstances, when permitted by the Court of Appeals. Commodore does not indicate that she has sought certification from the Court of Appeals to file a second motion. Further, even if the court were to find that § 2255 relief was "unavailable," Commodore's inability to raise this claim would not warrant application of the savings clause. The Second Circuit has indicated that the § 2255 exception will apply in "relatively few" cases "in those extraordinary instances where justice demands it." *Triestman,* 124 F.3d at 378. In *Triestman,* the Second Circuit determined § 2241 relief was available because Triestman was claiming actual innocence. The Eleventh Circuit also requires a claim of actual innocence to invoke the exception clause. *See Wofford,* 177 F.3d at 1244 (11th Cir.1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.").

**\*3** In her petition, Commodore does not deny committing the crime of which she was convicted. Rather she challenges the enhancement of her sentence under the Sentencing Guidelines. Thus, even if the court were to determine that § 2255 was "unavailable," Commodore would not satisfy the *Triestman* standard. Thus, Commodore's claim does not involve "constitutional errors" that must be heard under § 2241. The court therefore concludes that Commodore has not met the requirements which would permit her to invoke this court's jurisdiction to hear her claims pursuant to 28 U.S.C. § 2241 and the District of Connecticut lacks jurisdiction to entertain Commodore's § 2241 petition.

The Second Circuit has held that, where a petitioner already has filed a § 2255 motion, the district court may construe a petition filed pursuant to § 2241 as a second § 2255 motion and transfer the motion to the Court of Appeals to enable that court to determine whether certification to file a second petition should be granted. *See Jiminian,* 245 F.3d at 148-49.

*Conclusion*

The court concludes that it lacks jurisdiction to consider this petition pursuant to 28 U.S.C. § 2241. Accordingly, the court recharacterizes the petition as filed pursuant to 28 U.S.C. § 2255 and transfers the petition to the Court of Appeals for the Second Circuit to enable that court to determine whether a second § 2255 motion should be certified.

SO ORDERED.

D.Conn.,2005.
Commodore v. Willingham
Not Reported in F.Supp.2d, 2005 WL 3465855 (D.Conn.)

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Not Reported in F.Supp.2d, 2005 WL 3465855 (D.Conn.)
(Cite as: 2005 WL 3465855 (D.Conn.))


END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



Page 1

299 Fed.Appx. 94, 2008 WL 4832457 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 299 Fed.Appx. 94, 2008 WL 4832457 (C.A.2 (N.Y.)))

This case was not selected for publication in the Federal Reporter.

United States Court of Appeals,
Second Circuit.
Terry MIDDLETON, Petitioner-Appellant,
v.
Deborah SCHULT, Respondent-Appellee.
No. 07-2770-pr.

Nov. 10, 2008.

**Background:** Following conviction for being a felon in possession of a firearm, prisoner filed petition for writ of habeas corpus was filed. The United States District Court for the Northern District of New York, Lawrence E. Kahn, J., 2007 WL 1704646, dismissed the petition. Prisoner appealed.

**Holding:** The Court of Appeals held that prisoner's claim should have been raised in motion to vacate.
Affirmed.

West Headnotes

**Habeas Corpus 197** 🔑 **285.1**

197 Habeas Corpus
    197I In General

197I(C) Existence and Exhaustion of Other Remedies
        197k285 Post-Conviction Motions or Proceedings
            197k285.1 k. In General. Most Cited Cases
Federal prisoner's claim that he was actually innocent of possessing a firearm as a convicted felon because his armed robbery conviction occurred after the conduct that gave rise to his firearm conviction could have been raised in motion to vacate, even though Court of Appeals had not yet ruled that a conviction could be considered a previous conviction only if it occurred before the firearm offense, and thus the claim could not be raised in habeas petition; lack of case law did not render claim unavailable. 28 U.S.C.A. §§ 2241, 2255; 18 U.S.C.A. § 922(g)(1).

**\*94** Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, Judge), dismissing a habeas petition under 28 U.S.C. § 2241 for lack of subject matter jurisdiction.
**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.** Terry Middleton, Petitioner-Appellant, pro se.

Brenda K. Sannes, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, on the brief), Office of the United States Attorney for the Northern District of New York, Syracuse, NY, for Respondent-Appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, JOHN GLEESON, District Judge.[FN*]

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

299 Fed.Appx. 94, 2008 WL 4832457 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 299 Fed.Appx. 94, 2008 WL 4832457 (C.A.2 (N.Y.)))

FN* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

**SUMMARY ORDER**

**1 On April 12, 2007, petitioner Terry Middleton, *pro se,* filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District Court for the Northern District of New York.FN1 Middleton was convicted*95 in October 1991 in the Northern District of Florida of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Because Middleton had previously been convicted of three violent felonies-battery of a law enforcement officer, attempted second-degree murder, and armed robbery-the District Court for the Northern District of Florida enhanced Middleton's sentence pursuant to 18 U.S.C. § 924(e), and sentenced him principally to a term of 180 months' imprisonment. Middleton argued in his petition that he was actually innocent of violating § 924(e) because the armed robbery conviction occurred after the conduct that gave rise to the § 922(g)(1) conviction, and therefore should not have been considered a "previous conviction" for § 924(e) purposes. Appellee App. at 9-13. Middleton acknowledged that he did not challenge the sentencing enhancement on direct appeal and that, though he was aware of the issue by the time he filed an initial § 2255 motion in December 1993 in the Northern District of Florida, he did not raise it then either because he was not able to find supporting case law. Middleton contended that it was only after his § 2255 motion was denied in March 1996, that the Eleventh Circuit ruled that a conviction could only be considered a previous conviction for the purposes of § 924(e) if it occurred before the violation of § 922(g). *Id.* at 14 (citing *United States v. Richardson,* 166 F.3d 1360, 1361 (11th Cir.1999) (holding that a "conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not

simply prior to conviction or sentencing for the violation")). On May 1, 2007, the District Court for the Northern District of New York dismissed Middleton's instant § 2241 petition for lack of subject matter jurisdiction. Middleton moved for reconsideration on May 10 and the District Court denied the motion on June 13, 2007, 2007 WL 1704646. Middleton filed a timely notice of appeal. We assume the parties' familiarity with the facts and procedural history of the case.

FN1. Though petitioner was tried and sentenced in the Northern District of Florida, he was incarcerated at the Federal Correctional Institution at Ray Brook, New York in April 2007, Appellee App. at 20, and thus properly filed his habeas petition under 28 U.S.C. § 2241 in the Northern District of New York. On May 29, 2007, petitioner notified the District Court that he had been transferred to the McKean Federal Correctional Facility in Lewis Run, Pennsylvania. Because jurisdiction attaches on the initial filing for habeas corpus relief, *see Francis v. Rison,* 894 F.2d 353, 354 (9th Cir.1990), we maintain jurisdiction in the immediate case.

We review *de novo* a district court's dismissal of a 28 U.S.C. § 2241 habeas petition for lack of subject matter jurisdiction. *See Cephas v. Nash,* 328 F.3d 98, 103 (2d Cir.2003). As the District Court noted in its May 1, 2007 Memorandum-Decision and Order, a § 2241 petition is the proper means to challenge the execution of a federal prisoner's sentence, not the imposition of a sentence. Appellee App. at 22. *See also Adams v. United States,* 372 F.3d 132, 135 (2d Cir.2004). Generally, § 2255 is the appropriate vehicle for a federal prisoner to challenge a sentence's imposition on the ground that it was "imposed in violation of the U.S. Constitution or the laws of the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

299 Fed.Appx. 94, 2008 WL 4832457 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 299 Fed.Appx. 94, 2008 WL 4832457 (C.A.2 (N.Y.)))

United States." *Id.* at 134. However, there is a limited exception to this general rule; the "savings clause" of § 2255 permits prisoners to file a petition pursuant to § 2241 for challenges to the imposition of a sentence where § 2255 is "inadequate or ineffective" and "failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir.1997).[FN2] We have held that if the claim petitioner seeks to raise was previously available to him, the "failure to permit review of that claim **\*96** would not raise serious constitutional questions." *Jiminian v. Nash,* 245 F.3d 144, 147 (2d Cir.2001) (internal citations and quotation marks omitted); *see also Cephas,* 328 F.3d at 105 (concluding that where "petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier ... then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").

FN2. Section 2255 provides in relevant part:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

**\*\*2** Here, Middleton argues that he could not have been "reasonably expected" to raise his sentencing enhancement claim earlier, before the Eleventh Circuit held that a conviction is "previous" to a § 922(g) offense only if the conviction occurred before the violation of § 922(g) in *Richardson.* Appellee's App. at 15 (citing *Richardson,* 166 F.3d at 1362). A lack of case law to support a claim, however, does not render that claim unavailable. Indeed, the Eleventh Circuit's decision in *Richardson* came about precisely because a defendant in Middleton's position raised this particular claim, which the Court noted was a matter of first impression. *See Richardson,* 166 F.3d at 1361. Thus, we conclude that Middleton's sentencing enhancement claim could have been pursued earlier and his § 2241 petition should be dismissed for lack of jurisdiction.

### *CONCLUSION*

The judgment of the District Court is **AFFIRMED.**

C.A.2 (N.Y.),2008.
Middleton v. Schult
299 Fed.Appx. 94, 2008 WL 4832457 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.